IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMMIE PATTERSON and )
DONALD LANIER CARSON, )
  )
  )
Plaintiffs, )
  )
v. ) C.A. No. 23-212-GBW
  )
DEBORAH GRANT, et al., )
  )
Defendants. )
  )

## MEMORANDUM OPINION

Jammie Patterson and Donald Lanier Carson, New Castle, Delaware. Pro Se Plaintiffs.

October 17, 2023
Wilmington, Delaware

**WILLIAMS, U.S. DISTRICT JUDGE:**

Plaintiffs Jammie Patterson and Donald Lanier Carson initiated this action on February 27, 2023. (D.I. 2). They proceed *pro se* and Plaintiff Patterson has been granted leave to proceed *in forma pauperis*. (D.I. 1, 5). The Court proceeds to review and screen the Amended Complaint and other filings pursuant to 28 U.S.C. § 1915(e)(2)(b). Also pending is Plaintiff Patterson's motion for e-filing privileges. (D.I. 7).

**I.   BACKGROUND**

Only Plaintiff Patterson signed the Complaint. It appears that only Plaintiff Patterson signed any of the other filings as well, including the Amended Complaint, four separately filed exhibits to the Amended Complaint, a human rights complaint, and a supplement to the Amended Complaint. The filings allege serious sex trafficking crimes, and other crimes, committed by Defendants. Both Plaintiff and all named Defendants are Delaware residents. Plaintiffs checked a box on the Complaint form indicating that they were asserting jurisdiction based on a United States Government Defendant, but the United States is not listed as a Defendant. For relief, Plaintiffs seek $10 million in damages and injunctive relief.

**II.   LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or

1

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiffs proceeds *pro se*, their pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that

a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  DISCUSSION

To start, Plaintiff Carson is subject to dismissal for failing to sign the Complaint, and for failing to file a motion to proceed *in forma pauperis* or pay the filing fee. As a non-attorney, Plaintiff Patterson may not bring claims on behalf of other individuals, does not have standing to do so, and may only represent herself in this Court. *See* 28 U.S.C. § 1654; *see also Osei-Afriyie v. The Medical College*

*of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing *pro se* may not act as attorney for his children).

Generally speaking, the pleadings appear to claim that Defendants are guilty of violating federal criminal statutes. A private party has no right to enforce criminal statutes, and the pleadings therefore fail to state a claim in their attempts to invoke criminal statutes in this civil suit. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (per curiam); *see also United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). Accordingly, the claims based on alleged violations of criminal statutes will be dismissed.

To the extent the pleadings could be read to assert a Civil Rico violation, the current allegations fail to satisfy the requisite elements. *See Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (to assert a civil claim under RICO, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity") (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, (1985)).

The pleadings could be interpretated to attempt to raise state tort claims against Defendants. However, given that both Plaintiffs and Defendants are Delaware residents, this Court lacks diversity jurisdiction over any such claims. *See* 28 U.S.C. § 1332(a) (vesting federal courts with subject-matter jurisdiction

over all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states).

Plaintiffs will be given leave to file a second amended complaint. If both Plaintiffs plan to continue in the suit, the second amended complaint must be signed by both of them. The second amended complaint, should it be filed, will supersede all previous filings, meaning the Court will consider only the second amended complaint, and not the previous filings, when screening the case. The second amended complaint should be carefully drafted to contain all of Plaintiffs' factual allegations and federal civil causes of action. Further supplements should not be necessary.

Finally, Plaintiff Patterson's motion for e-filing rights (D.I. 7) will be denied without prejudice to renew the request. Plaintiff Patterson is advised that, per the CM/ECF Registration/Training section of the Court's website, in order to receive authorization to file electronically, a *pro se* party must indicate in their motion that they have independently reviewed all the materials and related topics on the Court's web site and that they have a PACER account.

## IV.   CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will be entered.

5